

**NUMBER 13-12-00415-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**RHONDA LONGORIA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 319th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion Per Curiam**

Appellant, Rhonda Longoria, attempted to perfect an appeal from a conviction for aggravated robbery. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on April 24, 2012, and a pro se motion for new trial was filed on May 29, 2012. The trial court appointed appellate counsel on June

13, 2012, and notice of appeal was filed on June 15, 2012. On August 23, 2012, the Clerk of this Court notified appellant that it appeared the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. In response, appellant's counsel has indicated that appellant's trial counsel failed to file a motion for new trial or a notice of appeal within thirty days from the sentencing date and it was not until after the thirty days had expired that appellant discovered the failure and filed a pro se motion for new trial. Appellant asks the Court to allow her to proceed with her appeal.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3.

According to Texas Rule of Appellate Procedure 21.4, appellant had thirty days after the day sentence was imposed, until May 24, 2012, to file her motion for new trial. TEX. R. APP. P. 21.4. The motion for new trial was untimely because it was filed on May 29, 2012. Therefore, her notice of appeal was due to have been filed within thirty days

2

after the day sentence was imposed or suspended in open court. *See* TEX. R. APP. P. 26.2(a)(2). Appellant did not file her appeal until June 15, 2012.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
8th day of November, 2012.

3